WRIGHT *v.* BOWERS ET AL.

[73 South. 568, Division B.]

PARTITION. *Right to maintain. Possession of legal title.*
   An instrument of writing signed by an heir under a will which
   combines a contract for professional service, a power of attorney
   and security for a fee, but fails to convey any legal title to
   property, is not a sufficient basis for an action for partition by the
   attorney to whom such instrument was given against such heir.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.

Petition by R. T. Wright against Mrs. Cornelia Bowers and others. From a decree sustaining a demurrer to the bill, complainant appeals.

Appellant exhibited his bill of complaint in the chancery court of Hinds county against Mrs. Cornelia Bowers and other heirs of E. H. Green, deceased, asking for a partition of certain real estate. A demurrer to the bill was sustained, and from the decree sustaining the demurrer appellant prosecutes this appeal. The right to a partition is based upon an instrument in writing which we here set out in full:

"Know all men by these presents: That I, Nena Bowers, formerly Nena Green, and joined by her husband, Lloyd Bowers, both of Chattanooga, Hamilton county, Tennessee, have this day made, constituted, and appointed, and by these presents do make, constitute, and appoint, R. T. Wright, of Chattanooga, Tennessee, our true and lawful attorney, for ourselves and in our name, place, and stead, for the following purposes:

"Whereas, E. H. Green, the father of Mrs. Nena Bowers, party of this contract, died in the year 1903 at Jackson, Mississippi, being the owner at the time of his death of certain real estate situated in Hinds and Madison counties, Mississippi, and known as Green's

Crossing place, together with certain stock, implements, and tools thereon; also leaving and owning at the time of his death certain real estate situated in Concordia parish, Louisiana, known as 'Haphasard Plantation'; and also leving as a part of his estate certain moneys, insurance policies, and crops growing on said lands, etc.  And at the time of the death of E. H. Green, or before the death of E. H. Green, he made a will setting forth how his property should be divided between his heirs, and giving full instructions as to the winding up of the above-mentioned estate owned by him at the time of his death.  He, E. H. Green, also owned at the time of his death a certain house and lot known as his residence place, in Jackson, Mississippi, which was also mentioned in his said will, and it was also directed how same should be kept and administered upon.

"And I, Nena Bowers, being one of the heirs of said E. H. Green, and owning an interest in the above-mentioned property owned by the said E. H. Green, at the time of his death, make this power of attorney to R. T. Wright, and give him full power and authority to do and perform every act and thing whatsoever requisite and necessary to do in or about my interests in said estate of E. H. Green.  The said R. T. Wright is given full power and authority to sell or dispose of my interest in any of the estate of said E. H. Green.  He is fully authorized and empowered to deed my interest, and to receive a cash consideration for the same.  He is fully empowered to negotiate a sale, either for cash or on credit; Provided, if sold on credit, notes are secured with good security.  He is further empowered to investigate fully for me as to all acts of the administrators, administratrix, or trustees of said estate; and, should he believe it to my interest to institute any suit for recovery of any property or money of said estate that has been wasted by either the administrators or trustees, he is fully empowered and authorized to do so.

"And we, Nena Bowers and Lloyd Bowers, agree to ratify and confirm all acts that the said attorney, R. T. Wright, shall do for me in reference to the above mentioned property.

"In consideration of R. T. Wright's acting as my said attorney in the estate above mentioned, it is understood and agreed by and between us that whatever money he may derive from the sale of said estate, or from any suit he may institute for recovery of any money as above mentioned, or whatever sum may be derived from the sale of said estate, said sale being either made by said attorney, R. T. Wright, or by myself, the said R. T. Wright shall be entitled to one-third (⅓) thereof; and to secure the said R. T. Wright, we hereby transfer to him a one-third (⅓) interest in the estate above mentioned, it being understood and agreed by and between myself and my said attorney that if he will use his best endeavors to protect my interest in the above-mentioned estate, and take any action he deems necessary for my protection, and watch after and guard my estate, he shall have as his fee for said services one-third (⅓) thereof.

"In witness whereof, we have hereunto set our hands and seals on this the 25th day of June, 1906.

Nena Bowers,<br>
"Lloyd Bowers."

This document was made Exhibit B to the bill for partition. The theory of the bill is that the complainant owned in fee simple an undivided interest in the property sought to be partited. From the pleadings and exhibits it appears that E. H. Green, a former citizen of Jackson, Miss., died seised and possessed of certain farm lands situated in Hinds and Madison counties, certain lands in Louisiana, a mansion house in the city of Jackson, and also certain personal property, consisting of bank stock, farming implements, live stock, crops, and life insurance policies. He left a last will and testa-

ment, whereby his estate was devised to his wife and ten children, among whom is Mrs. Cornelia Bowers. Mr. and Mrs. Bowers, at the time the contract made Exhibit B to the bill was entered into, resided in Chattanooga, Tenn., and being dissatisfied with the manner in which the estate was being handled and wound up, they employed R. T. Wright, the appellant herein, as their attorney, and executed and delivered to him this writing, upon which his equity in this suit is based. After the execution and delivery of this instrument, the farm lands in Mississippi were, by a decree in chancery, partited amongst the heirs, and the interest of Mrs. Bowers was set apart to her. Mr. Wright was not a party to this first partition proceeding. After the undivided interest of Mrs. Bowers in the farm lands was set apart to her, Mr. Wright filed this suit against Mrs. Bowers and the other heirs at law of E. H. Green, deceased, setting out the facts above outlined, the partition proceedings by which the separate interests of Mrs. Bowers were set apart to her, particularly described the lands set apart to Mrs. Bowers, and charged that complainant was the owner of a one-third interest in the lands so set apart as the separate property of Mrs. Bowers, as well as the owner of a one-third interest in the property situated in the city of Jackson, upon which Mr. Green resided in his lifetime, and which had not been partited.

The demurrer challenges the right of complainant to maintain any bill for partition. The grounds of the demurrer, briefly stated, are: That the complainant had not performed his agreement; that the contract sued on does not convey the legal title upon which a bill for partition can be predicated; that the bill does not show that complainant recovered any property for the defendant; and that the instrument sued on is a mortgage.

*Eugene Palmer,* for appellant.

*Alexander & Alexander,* for appellee.

STEVENS, J., delivered the opinion of the court.

The demurrer to the bill in this case was properly sustained. In construing the instrument under which appellant claims title, we must look to the instrument as a whole, the entire language employed, the relation of the parties one to the other, and the objects sought to be accomplished. As we see and construe it, the instrument under review combines a contract for professional services, a power of attorney, and security for any fee or compensation to which Mr. Wright may be entitled. The full extent of appellant's rights under this contract cannot be adjudicated in this suit, and need not here be fully indicated. The bill is solely one for partition, to maintain which appellant, as complainant in the court below, must show title. The exhibit upon which he relies is not a deed conveying to him an absolute interest in the title. If the bill had alleged a definite indebtedness by Mrs. Bowers to appellant, and sought a personal decree for such amount, and a foreclosure of security therefor, relief might have been granted. There is no alternative relief of this kind sought. If the bill had been taken as confessed, no such relief could have been awarded by the court. In affirming the case, therefore, we do so without prejudice to the right of appellant to recover any indebtedness which Mrs. Bowers may be due him under the contract in question, and without prejudice to his right to impress any lien which this contract may give him upon the land incolved in this suit.

*Affirmed.*